UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACEDRIC W. JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> RON BROOMFIELD, et al., <br><br> Defendants. | Case No. 21-07158 EJD (PR) <br><br> **ORDER OF SERVICE; OF DISMISSAL WITH LEAVE TO AMEND; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a state prisoner at San Quentin State Prison ("SQSP"), filed the instant <u>pro se</u> civil rights action pursuant to 42 U.S.C. § 1983. Dkt. No. 1. The action was reassigned from Magistrate Judge Thomas S. Hixson to the Undersigned because Plaintiff did not file consent to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Dkt. Nos. 4, 5. Plaintiff has filed a motion for leave to proceed *in forma pauperis* which will be addressed in a separate order. Dkt. No. 2.

## DISCUSSION

### A. **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff alleges that shortly after Governor Gavin Newsom declared a state of emergency on March 19, 2020, regarding the Covid-19 pandemic, the Secretary of the CDCR, Ralph Diaz, announced on April 1, 2020, the decision to accelerate the release of certain nonviolent inmates who were within 60 days of release in order to reduce the spread of the virus. Dkt. No. 1 at 4. Plaintiff alleges that the determination was made jointly by the CDCR and the Governor, and that J. Clark Kelso, the Federal Receiver, was also signatory to the Memorandum. Id.

Plaintiff alleges that on April 9, 2020, he filed a health care grievance, No. SQ-HC-20000274, claiming that he had a pre-existing condition that compromised his immune system due to contracting Valley Fever in 2011, a fungus that attacks the lungs, and a recent battle with leukopenia (low white blood cells). Id. at 5. He requested "emergency release." Id. He was interviewed by Defendant Nurse Podolsky by telephone on April 21, 2020, who informed him that "there is nothing we can do for you, it's a custody issue." Id. Plaintiff pursued an inmate grievance (Log No. SQ-A-20-01468) on the matter, which was rejected; when he resubmitted the appeal to the Acting Warden Ron Broomfield, it was not returned. Id. On April 30, 2020, Plaintiff filed for an "Early Release/Commutation" to the

2

United States District Court
Northern District of California

1    Governor's Office but never received a response.  Id.

2          Plaintiff claims that after the California Institute for Men ("CIM") experienced a

3    Covid-19 outbreak in May 2020, the CDCR transferred 121 inmates from CIM to SQSP on

4    May 30, 2020, "in an effort to protect those individuals from the virus." Id. at 7.  Plaintiff

5    claims that by the time several of these transferees had tested positive for Covid-19, they

6    had been in open housing units for six days.  Id. at 8.  Plaintiff claims that on June 11,

7    2020, he began to experience various symptoms: hacking cough that left a peculiar taste on

8    his tongue, labored breathing, wheezing in the lungs and chest cavity, and coughing up

9    blood.  Id.  He was transferred to the hospital where he remained until June 13, 2020; there

10   he was diagnosed with heart failure and "other Covid-19 related injuries." Id. at 9.  Upon

11   his return to SQSP, he was placed in administrative segregation, "the hole," for a 14-day

12   quarantine.  Id.  On June 17, 2020, Dr. Smith told Plaintiff that he had Covid.  Id.

13         Plaintiff claims that on June 15, 2020, an "Urgent Memo" was released, which

14   indicated that Acting Warden Ron Broomfield, Clarence Cryer, Alison Pachynski, and Dr.

15   Shanon Garrigan knew of various deficiencies at SQSP which required immediate action

16   but that they failed to act, well in advance of Plaintiff contracting Covid-19 and suffering

17   heart failure and other injuries from infection.  Id. at 9-10.  Plaintiff filed another health

18   care grievance, again requesting expedited release; it was denied at the "Headquarters'

19   level response" on December 7, 2020.  Id. at 10.  Plaintiff filed an inmate grievance on

20   September 15, 2020, alleging deliberate indifference to pre-existing medical conditions

21   and seeking early release and compensation; Plaintiff also referred to his previous inmate

22   appeal, Log No. SQ-A-20-01468, which had gone unanswered by the Acting Warden.  Id.

23   at 11.

24         Plaintiff also refers to an inspection report covering the period of June 24, 2020 to

25   January 29, 2021, conducted by the State of California's Department of Industrial

26   Relations Division of Occupational Safety and Health ("OSHA") which found numerous

27   violations at SQSP.  Id. at 11-12.  Plaintiff claims that all these violations had a severe

28                                              3

impact on him contracting Covid-19 and suffering heart failure, and that Acting Warden Broomfield is responsible for keeping the prison in compliance with OSHA standards, along with Ralph Diaz and Kathleen Allison. Id. at 12. Plaintiff also refers to a report issued by the Officer of the Inspector General dated February 1, 2021, which included a discussion on the CDCR's decision to transfer inmates from CIM to SQSP. Id. at 12. Plaintiff alleges that the report found that efforts by J. Bick, R. Tharrat, R. Diaz, and K. Allison to prepare for an execute the transfers were "deeply flawed and risked the health and lives of thousands of incarcerated persons and staff." Id. at 13. Plaintiff claims that within two weeks after this transfer, he contracted Covid-19 and had to be hospitalized due to heart failure and other medical complications. Id. at 14.

Based on the foregoing allegations, Plaintiff claims his rights under the Eighth Amendment were violated based on the following: (1) exposure to hazardous conditions based on overcrowding and unsanitary conditions, Dkt. No. 1 at 17-18; (2) deliberate indifference to unreasonable risk of harm based on exposure to infectious and deadly communicable disease – Covid-19, id. at 19-20; and (3) "cruel and unusual punishment – deliberate indifference – Covid-19 exposure," id. at 21. Plaintiff seeks damages, including punitive, and declaratory relief. Id. at 22. Liberally construed, Plaintiff states a cognizable claim under the Eighth Amendment for deliberate indifference to inmate safety at SQSP which resulted in harm. See Farmer v. Brennan, 511 U.S. 825, 832 (1994); DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 199-200 (1989).

**C.   Eleventh Amendment Immunity**

Plaintiff asserts that he is suing all the named Defendants "in their individual capacity and Official capacity." Dkt. No. 1 at 16. The Eleventh Amendment to the U.S. Constitution bars a person from suing a state in federal court without the state's consent. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984). The U.S. Supreme Court has held that state officials acting in their official capacities are not "persons" under Section 1983 because "a suit against a state official in his or her official

United States District Court
Northern District of California

capacity is not a suit against the official but rather is a suit against the official's office."
See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).  Thus, such a suit is
therefore no different from a suit against the state itself.  Id.  Accordingly, the Eleventh
Amendment bars Plaintiff's claims for monetary relief to the extent that they are based on
acts by Defendants in their official capacities.  See id.  Such claims for damages must be
dismissed.

**D.      Defendant Newsom**

The Court notes that the only factual allegation against Defendant Gavin Newsom is
that he ignored Plaintiff's April 30, 2020 request for commutation.  Dkt. No. 1 at 18.
However, other than claiming that he sent the request to Defendant's Office, there is no
allegation that Defendant Newsom was personally aware of Plaintiff's circumstances and
yet failed to act to abate a known risk of serious harm by granting his release.  Without
such allegations, Plaintiff's claim against Defendant Newsom is conclusory.  In the interest
of justice, Plaintiff may file an amended complaint alleging sufficient facts to show that
Defendant Newsom is individually liable for his injuries, if he can do so in good faith.

Liability may be imposed on an individual defendant under § 1983 only if Plaintiff
can show that the defendant proximately caused the deprivation of a federally protected
right.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg,
664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right
within the meaning of § 1983 if he does an affirmative act, participates in another's
affirmative act or omits to perform an act which he is legally required to do, that causes the
deprivation of which the plaintiff complains.  See Leer, 844 F.2d at 633.

**E.      Defendant Tharratt**

Defendant Dr. Steven Tharratt must be dismissed from this action.  The Court takes
judicial notice pursuant to Federal Rule of Evidence 201 of the filing in Case No. 3:20-cv-
07845-CRB, Dkt. No. 37, 37-1, which attaches Dr. Tharratt's obituary published on the
California Department of Corrections and Rehabilitation website on October 6, 2020,

announcing his passing on August 20, 2020, *available at*

https://www.cdcr.ca.gov/insidecdcr/2020/10/06/dr-robert-tharratt-longtime-cchcs-medical-

director-passes-away/. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746

n.6 (9th Cir. 2006) (federal courts "may take judicial notice of court filings and other

matters of public record"); *Bullock v. Johnson,* No. CV 15-2070 PA (AS), 2018 WL

5880736, at *13 n.19 (C.D. Cal. Aug. 10, 2018), report and recommendation adopted, No.

CV 15-2070 PA (AS), 2018 WL 4791089 (C.D. Cal. Oct. 3, 2018) (taking judicial notice

of CDCR obituary).  Dr. Tharratt's death therefore preceded the filing of this action on

September 16, 2021.  Dkt. No. 1.  "[A] party cannot maintain a suit on behalf of, or

against, or join, a dead person, or in any other way make a dead person (in that person's

own right, and not through a properly represented estate or successor) party to a federal

lawsuit."  *LN Mgmt., LLC v. JP Moran Chase Bank, N.A.*, 957 F.3d 943, 955 (9th Cir.

2020).  Dr. Tharratt is therefore not an appropriately named Defendant in this litigation.

Any claim must be made against his estate in accordance with California Probate Code

section 9350 et seq.

Defendant Tharratt is therefore DISMISSED from this action.  If Plaintiff wishes to

proceed with a claim against the Estate of Dr. Steven Tharratt, he must file a claim against

the estate in accordance with the provisions of California Probate Code sections 9350-

9354.  If Plaintiff fulfills the requirements of the probate code, he may request to file an

amended complaint adding the Estate of Dr. Steven Tharratt as a defendant in this case.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      Defendant Dr. Steven Tharratt is **DISMISSED** from this action.  The Clerk

shall terminate Defendant Tharratt from this action.

2.      Plaintiff's claim for damages based on Defendants' actions in their official

capacity is **DISMISSED** as barred by the Eleventh Amendment.  See supra at 4-5.  The

United States District Court
Northern District of California

claim for damages against defendants in their individual capacity may proceed.

3.    The claim against Defendant Gavin Newsom is DISMISSED  with leave to amend.  Within twenty-eight (28) days from the date this order is filed, Plaintiff may file an amendment to the complaint, alleging sufficient facts to state a cognizable Eighth Amendment claim against Defendant Newsom.

**Failure to file an amendment in the time provided will result in the claim against Defendant Newsom being dismissed from this action for failure to state a claim for relief, and  Defendant Newsom shall be terminated from his action.**

4.    The following defendants at SQSP,  CIM, and CDCR  shall be served:

a.    **Ron Broomfield, Acting Warden of SQSP**

b.    **Kathleen Allison, Director of the CDCR**

c.    **Ralph Diaz, Secretary of the CDCR**

d.    **Ron Davis, Associate Director of Reception Centers for the CDCR**

e.    **Dr. A. Pachynski, Chief Medical Officer at SQSP**

f.    **Dr. L. Escobell, Chief Medical Officer at CIM**

g.    **Clarence Cryer, Healthcare Chief Executive Director at SQSP**

h.    **Dean Borders, Warden of CIM**

i.    **Dr. Joseph Bick, Director of CCHCS for the CDCR**

j.    **Dr. Shanon Garrigan, Chief Physician & Surgeon, SQSP**

k.    **Nurse Podosky, Health Care Appeals at SQSP**

**Defendant Kelso** shall be separately served as directed under paragraph (5) below. See infra at 4.

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, Dkt. No. 1, this order of service, a CDCR Report of E-Service Waiver form and a

United States District Court
Northern District of California

1    summons.  The clerk also shall serve a copy of this order on the plaintiff.

2          No later than 40 days after service of this order via email on CDCR,  CDCR  shall

3    provide the court a completed CDCR Report of E-Service Waiver advising the court which

4    defendant(s) listed in this order will be waiving service of process without the need for

5    service by the United States Marshal Service (USMS)  and which defendant(s) decline to

6    waive service or could not be reached.  CDCR also shall provide a copy of the CDCR

7    Report of E-Service Waiver to the California Attorney General's Office which, within 21

8    days, shall file with the court a waiver of service of process for the defendant(s) who are

9    waiving service.

10         Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for

11   each defendant who has not waived service according to the CDCR Report of E-Service

12   Waiver a USM-205 Form.  The clerk shall provide to the USMS the completed USM-205

13   forms and copies of this order, the summons and the operative complaint for service upon

14   each defendant who has not waived service.  The clerk also shall provide to the USMS a

15   copy of the CDCR Report of E-Service Waiver.

16        5.    **Defendant Clark Kelso, Federal Receiver** shall be served through the

17   Litigation Support Section of the California Correctional Health Care Services.  The clerk

18   is directed to serve on Defendant Kelso **via email at HCLitigationSupport@cdcr.ca.gov**,

19   the following documents: the operative complaint and any attachments thereto, Dkt. No. 1,

20   a copy of this order of service, and a summons.

21        6.    No later than **ninety-one (91) days** from the date this order is filed,

22   Defendants shall file a motion for summary judgment or other dispositive motion with

23   respect to the claims in the complaint found to be cognizable above.

24          a.    Any motion for summary judgment shall be supported by adequate

25   factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of

26   Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor

27   qualified immunity found, if material facts are in dispute.  If any Defendant is of the

28   

8

opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

        b.     **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

        7.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

        Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

        8.     Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

        9.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

        10.     All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

        11.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

United States District Court
Northern District of California

12.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

13.    Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated:**  February 9, 2022

EDWARD J. DAVILA
United States District Judge

Order of Svc; of Dismissal with Leave to Amend
PRO-SE\EJD\CR.21\07158Johnson_svc

United States District Court
Northern District of California